IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Ruiz, | |
|     Plaintiff, | |
|     v. | No.: _____ |
| Bristol House Memory Care, LLC. | **JURY DEMANDED** |
|     Defendant. | |

## CIVIL ACTION — COMPLAINT

Mr. John Ruiz, by and through his undersigned attorneys, brings this complaint against the Defendant, Bristol House Memory Care, and alleges the following:

### I. NATURE OF CLAIM

1. Plaintiff brings this lawsuit seeking recovery from Defendant for damages arising from the following causes of action: (a) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for failure to pay overtime and the minimum wage*;* (b) violation of Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), for retaliation; (c) violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa C. S. §260.3, *et seq.* ("PWPCL"); and (d) violation of the Pennsylvania Minimum Wage Act, 43 Pa C. S. §333.101, *et seq.* ("PMWA").

## II. PARTIES, JURISDICTION AND VENUE

2. Plaintiff, John Ruiz, is an adult individual and citizen, residing in Philadelphia, Pennsylvania.

3. Defendant, Bristol House Memory Care LLC. (hereinafter "Bristol House"), is a limited liability corporation organized and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at 2527 Bristol Road, Warrington, PA18976.

4. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

5. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant's conduct business in this district, and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district.  Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## III. FACTS

7. Defendant operates an assisted living facility in Warrington, Pennsylvania.

8. Defendant hired Mr. Ruiz on April 1, 2020, to work as a caregiver at their assisted living facility.

9. Mr. Ruiz was paid an hourly rate. Mr. Ruiz was a non-exempt employee pursuant to the minimum wage and overtime requirements of the FLSA, PWPCL, and the PMWA.

10. Each week, Mr. Ruiz ordinarily worked four, twelve hours shifts from 7am to 7pm.

11. Defendant's employees, including Mr. Ruiz, were responsible for recording the time in which they began and ended each shift by entering their time on a tablet-computer loaded with Automatic Date Processing Inc. ("ADP") payroll software.

12. Mr. Ruiz, like all caregivers in Defendant's employ, were ordinarily permitted to take two thirty minute breaks each shift. Mr. Ruiz was instructed to record his breaks using the tablet-computer.

13. As directed, Mr. Ruiz faithfully recorded the beginning and end of each shift, and the beginning and end of each thirty-minute break period, using the tablet-computer.

14. On or about June 9, 2020, Mr. Ruiz noticed that Defendant had manipulated his time entries to record breaks that he did not take.

15. Defendant thus engaged in the practice of "time shaving" whereby it reduced their labor costs by deleting some of the time Plaintiff worked in violation of the FLSA, PWPCL, and PMWA. These reductions resulted in Plaintiff being shorted on overtime pay.

16. Specifically, on May 24, 2020; May 27, 2020; May 28, 2020; June 7, 2020 and on at least six other occasions, Defendant deducted 30 minutes from Mr. Ruiz's time card entries for breaks that he did not take.

17. On or about June 9, 2020 Mr. Ruiz sent a text message to Defendant's Executive Director Nathan Benoit. In this message, Mr. Ruiz noted that his hours for that pay period have been reduced from 106 hours to 99 hours after Defendant deducted breaks that he did not take. Mr. Ruiz also noted that Defendant had manipulated his time entries for the previous pay period. Mr. Ruiz stated, "I just don't know how you can clock someone for a break when they never took it."

18. In response, Mr. Benoit told Mr. Ruiz to stop looking at his hours as payroll was not finished.

19. On or about June 15, 2020 Mr. Benoit sent Mr. Ruiz a text message in which he terminated Mr. Ruiz's employment. Mr. Benoit explained that because Pennsylvania was an "at will" state that he did not have to give Mr. Ruiz an explanation for his termination.

20. Defendant never paid Mr. Ruiz for the time it wrongly categorized as break time.

21. Thus, Defendant failed to compensate Plaintiff at a rate of one and one-half times of his regular hourly wage for all hours worked in excess of forty hours per week.

### IV. CAUSES OF ACTION

**Count I**
**Violation of Fair Labor Standards Act**
29 U.S.C. §§ 201, *et seq*.

22. Plaintiff realleges and incorporates by reference paragraphs 1 though 21 above if as they were set forth herein verbatim.

23. At all times pertinent to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

24. At all times pertinent to this Complaint, Plaintiff as an employee of Defendant was "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207(a).

26. At all times relevant herein, each Defendant was a "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

27. Defendant required Plaintiff to work "off the clock" by failing to compensate Plaintiff for all hours during a workweek for which Plaintiff was "employed" as that term is defined under 29 U.S.C. § 203(g) of the Fair Labor Standards Act.

28. Defendant employed Plaintiff for workweeks longer than forty hours without compensating Plaintiff at a rate of one and on-half times his regular rate of pay as required by 29 U.S.C. § 207(a).

29. Plaintiff is entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek, liquidated damages in an equal amount, and his reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

## Count II
### Retaliation under Fair Labor Standards Act
29 U.S.C. § 215(a)(3)

30. Plaintiff realleges and incorporates paragraphs 1 though 29 above as if they were set forth herein verbatim.

31. Plaintiff engaged in conduct protected by the FLSA when he complained to Defendant about its time-shaving practice.

32. Defendant terminated Plaintiff in retaliation for having made this complaint.

33. By their actions alleged above, Defendant intentionally, willfully, knowingly, and / or recklessly violated the controlling provisions of the FLSA along

with the controlling regulations associated with such laws, prohibiting retaliation for the making of a complaint concerning wage and hour issues in the workplace

34. Plaintiff Ruiz has lost wages because of the wrongful retaliation by the Defendant.

35. As a result of Defendant's violation of the anti-retaliation provisions of the FLSA and its associated regulations, Plaintiff Ruiz has suffered damages in the nature of pain and suffering and emotional distress, and is entitled to the recovery of actual, compensatory and punitive damages, as well as pre and post-judgment interest, attorneys' fees, costs, and such other compensation and legal remedies, and also including such declaratory and injunctive or other equitable relief, as the law allows.

### Count III
### Violation of Pennsylvania Wage Payment and Collection Law
43 P.S. § 260.1, *et seq*.

36. Plaintiff realleges and incorporates by reference paragraphs 1 though 35 above as if they were set forth herein verbatim.

37. This count sets forth a claim arising pursuant to the PWPCL, 43 P.S. §§ 260.1, *et seq*. The PWPCL requires Defendant to timely pay full wages due to Plaintiff and provides statutory damages for the failure to timely pay all wages due.

38. Each Defendant is an "employer" as defined by PPWPCL.

39. Defendant willfully failed to pay Plaintiff all amounts of wages earned within the time limits set forth in PWPCL, 43 P.S. §§ 260.1, *et seq*.

40. Defendant automatically deducted 30 minutes per day from Plaintiff's time card for breaks he did not take, and thereby, failed to pay him for all hours worked for the benefit of Defendant.

39. Plaintiff is entitled to wages and overtime based on all hours worked pursuant to the PWPCL.

## Count IV
## Violation of Pennsylvania Minimum Wage Act
43 P.S. § 333.101, *et seq.*

40. Plaintiff realleges and incorporates by reference paragraphs 1 though ___ above as if they were set forth herein verbatim.

41. Defendant is an employer covered by the PMWA.

42. Pursuant to the PMWA, employees who are not exempt from the overtime provisions of the law are entitled to compensation at the rat of one and one-half times their regular rate for all hours worked over 40 in any work week. *See* 43 P.S. § 333.104.

43. Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the PMWA.

44. The PMWA requires Defendant to timely pay full wages due to Plaintiff.

45. The PMWA provides statutory damages for the failure to timely pay all wages due.

46. Defendant willfully failed to pay Plaintiff all amounts of wages earned, including overtime, within the time limits set forth in the PMWA.

47. Plaintiff is entitled to wages and overtime based on all hours worked pursuant to the PMWA.

48. By failing to timely pay full wages and overtime, Defendant violated Plaintiff's rights protected by the minimum wage and overtime provisions of the PMWA, 43 P.S. § 333.104(a.1) and 43 P.S. § 333.113, and its implementing regulations.

49. As a result of Defendant's violations of the PMWA, Plaintiff is entitled to recover the amount of his unpaid wages, together with costs and reasonable attorneys' fees. PMWA, 43 P.S. §§ 333.113.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C. Require Defendant to prepare a full accounting of all wages paid and due Plaintiff;

D. Declare that Defendant violated the rights of Plaintiff under the PWPCL and PMWA;

E. Order Defendant to pay to Plaintiff all amounts of unpaid wages earned and due to him, pursuant to PWPCL, 43 P.S. §§ 260.1, *et seq.*, and PMWA, 43 P.S. § 333.101, *et seq.*, with such interest as allowed by law;

F. Award to Plaintiff liquidated damages in the sum of $500 or 25 per cent of the total amount of wages due, whichever is greater, pursuant to 43 P.S. § 260.10;

G. Judgment against Defendant for all overtime worked at one and half times the regular rate of pay;

H. Judgment for the Plaintiff and against the Defendant for front-pay and back-pay;

I. Judgment against Defendant that their violation of the FLSA and its implementing regulations were willful;

J. Judgment against the Defendant for unpaid wages and treble damages;

K. Consequential and liquidated damages in an amount equivalent to the overtime damages and unpaid minimum wages owed to Plaintiffs;

L. Award Plaintiff pre-judgment and post-judgment interest;

M. Award to Plaintiff reasonable attorney's fees and costs;

N. All such further relief as the Court deems just and equitable.

## VI. DEMAND FOR TRIAL BY JURY

Plaintiff John Ruiz hereby demands a trial by jury.

Dated:  July 20, 2020

RESPECTFULLY SUBMITTED:

LAW OFFICES OF ERIC A. SHORE, P.C.

Brian M. Doyle (Jul 17, 2020 15:37 EDT)
Brian M. Doyle (Pa. Id. No. 319475)
Two Penn Center
1500 JFK Blvd., Suite 1240
Philadelphia, PA  19102
Tel.:  (215) 944-6113
Email:  briand@ericshore.com

9

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S § 4904, relating to unsworn falsification to authorities.

July 20, 2020
_____
Date

*John Ruiz*
John ruiz (Jul 17, 2020 13:10 EDT)
_____
John Ruiz